IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AURELIUS MCMURRAY,

    Petitioner,                      No. CIV S-05-0541 GEB DAD P

    vs.

SCOTT KERNAN, Warden,           ORDER AND

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2002 Sacramento County conviction of second degree robbery solely on the grounds that his Fourth Amendment rights were violated by a warrantless entry into his home and the state's failure to show that there were exigent circumstances. Respondent has moved to dismiss the petition on the ground that petitioner's Fourth Amendment claims are not cognizable in a federal habeas proceeding and that this action should be dismissed with prejudice. Petitioner has not filed opposition or a statement of non-opposition to the motion.[1]

---

[1] The court previously ordered that "[i]f the response to petitioner's habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion." (Order filed Mar. 24, 2005, at 2.)

ANALYSIS

I. Standards of Review

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. Engle v. Isaac, 456 U.S. 107, 119 (1982); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). A federal writ is not available for alleged error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).

The following standards of review are to be applied by federal courts to state court decisions:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2). See Penry v. Johnson, 532 U.S. 782, 792-96 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).

II. Respondent's Contentions

Petitioner filed a motion to suppress pursuant to California Penal Code § 1538.5, and the Sacramento County Superior Court denied the motion on the merits. The parties entered into a plea agreement pursuant to which petitioner withdrew his not guilty plea and entered a guilty plea to count one, admitted the firearm allegation, and admitted seven prior conviction allegations. Counts two and three of the three charges of robbery were dismissed. Petitioner was sentenced pursuant to the plea agreement to 25 years to life in state prison; the firearm enhancement was stayed.

Petitioner filed a timely appeal challenging the search of his home on Fourth Amendment grounds. The California Court of Appeal rejected petitioner's Fourth Amendment claim and affirmed the judgment in all material respects. Petitioner filed a petition for review challenging the Fourth Amendment search issue. The California Supreme Court denied review.

Respondent argues that when a petitioner has had a full and fair opportunity to litigate a Fourth Amendment claim in state court, the claim is not cognizable in a federal habeas proceeding. Respondent contends that petitioner not only had an opportunity to litigate his Fourth Amendment claims but actually litigated them in the trial and appellate courts.

Respondent concludes that the federal court is precluded from considering petitioner's claims and this action must be dismissed with prejudice.

III. Fourth Amendment Claims

The United States Supreme Court has ruled that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976). Fourth Amendment claims can be litigated on federal habeas only where the petitioner demonstrates that the state did not provide an opportunity for full and fair litigation of his Fourth Amendment claims; it is immaterial whether the petitioner actually litigated the Fourth Amendment claims. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); Gordan v. Duran, 895 F.2d 610, 613 (9th Cir. 1990). The issue is whether a petitioner had a full and fair opportunity to litigate his Fourth Amendment claims, not whether the state courts correctly disposed of the Fourth Amendment issues tendered to them or even whether the claims were correctly understood. Siripongs v. Calderon, 35 F.3d 1308, 1321 (9th Cir. 1994).

The record in this action reflects that petitioner's Fourth Amendment claims were raised in the trial court by a motion to suppress evidence and the trial court ruled on the motion on its merits. The record also reflects that petitioner raised his Fourth Amendment claims in the

California Court of Appeal and the California Supreme Court. Although petitioner's Fourth Amendment claims were unsuccessful in the state courts, petitioner has not demonstrated that the state failed to provide him with a full and fair opportunity to litigate his claims. Petitioner's Fourth Amendment claims should therefore be dismissed. See Stone, 428 U.S. at 494. In the absence of any cognizable claim, respondent's motion should be granted.

IT IS HEREBY ORDERED that:

1. Respondent's request to substitute Scott Kernan, petitioner's present custodian, in place of Mike Knowles, the named custodian, is granted;

2. The Clerk of the Court shall amend the docket for this action to reflect that Scott Kernan has been substituted for Mike Knowles as respondent;

IT IS RECOMMENDED that:

1. Respondent's April 25, 2005 motion to dismiss be granted; and

2. Petitioner's application for a writ of habeas corpus be dismissed with prejudice on the ground that petitioner's claims are not cognizable in this federal habeas proceeding.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply shall be served and filed within ten days after objections are served. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 27, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
mcmu0541.mtd

4